(156 App. Div. 406.)

## McCORMICK v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

INSURANCE (§ 762*)—POLICIES—REINSTATEMENT—NOTICE OF ACCEPTANCE.

Where an insured, after a lapse of his life policy, applied for reinstatement and paid the necessary premium to the agent, who stated to him that he would inform the insured if his application was granted, the reinstatement was not effective until notice was given to the insured, and the company is not liable on the policy, where the insured died after the application was approved by the officers of the company, but before notice to the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1922; Dec. Dig. § 762.*]

Appeal from Trial Term, Jefferson County.

Action by Mary E. McCormick against the New York Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, with directions to dismiss on the merits.

The action was to recover the sum of $5,000, with interest, the amount of the policy of life insurance alleged to have been issued by the defendant upon the life of Charles B. McCormick, who died in the city of Watertown on the 12th day of June, 1908, in which policy the plaintiff was named as the sole beneficiary. The defendant by its answer denied any liability under said policy, alleging, in substance, that said policy lapsed prior to the death of the insured, and that the same had not been reinstated.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

George H. Cobb, of Watertown, and James H. McIntosh, of New York City, for appellant.

Thomas Burns and John Conboy, both of Watertown, for respondent.

McLENNAN, P. J. Many of the facts which are regarded to be of more or less importance are not in dispute. On the 14th day of June, 1907, one Charles B. McCormick, a lawyer, residing in the city of Watertown, N. Y., made a written application to the defendant for insurance upon his life in the sum of $5,000. At the time of the application for the issuance of such policy the insured requested the de-

fendant to make the date of such policy to take effect as of April 25, 1907, instead of the date of his application. The defendant acceded to McCormick's request, and gave him the benefit of the premium as of age 31 years, instead of age of 32 years. This could be the only purpose of making the premium due at the earlier date. The insured paid one premium when the policy was issued, and no other premium was paid thereafter, except as the same was paid as a condition of reinstatement of the policy in question.

As charged by the learned trial court, the policy in question and all the rights of the insured thereunder or his beneficiary had lapsed; but the court permitted the jury to find that, if the defendant had practically O. K.'d the decedent's application for reinstatement, it was bound by such O. K., irrespective of what the facts were before such application was O. K.'d by the defendant. My notion is that the application made by the plaintiff's intestate to be reinstated in the defendant company was simply a proposition to that effect, and that the defendant had a right to reject such proposition before it had advised plaintiff's intestate of its acceptance. In this case the insured had on June 8, 1908, advised the local agent of the defendant by letter that he desired to have the policy of insurance reinstated, and sent to such local agent the amount of premium required for such purpose. The local agent by return mail on June 10th informed the plaintiff's intestate of his receipt of the past-due premium, and stated that he would forward same to the home office in New York, and if his application was granted plaintiff's intestate would be informed of the fact. Such application went through the different departments of the defendant and was O. K.'d in all respects, as found by the jury. But the defendant insisted that for one reason or another it disallowed such reinstatement. My notion is that it is entirely immaterial whether or not the formal assent to the reinstatement was made prior to the final action of the defendant, which included the sending of a notification to the plaintiff's intestate that his application for reinstatement had been rejected. It is entirely immaterial what the defendant or its different departments may have done in the premises. When such application for reinstatement was received by the defendant, and had been favorably passed upon by various departments of the defendant, the defendant still had the right, as it did in this case, to say that it would not accept the application for reinstatement.

In this case it is suggested that under the ordinary course of business the defendant ratified the application for reinstatement of the deceased, when concededly such deceased was either by his own act dead, or was in such condition as would prevent him from obtaining insurance in the defendant company. That plaintiff's intestate was dead at the time it is claimed that the application for reinstatement was approved there can be little doubt under the evidence in this case. Certainly there can be no doubt but that, at the time the approval for reinstatement was given, plaintiff's intestate had jumped off a five-story building and so injured himself as to be incapable of obtaining reinstatement under the provisions of the policy. It follows that there was no reinstatement of the policy by the defendant prior to the time when the plaintiff's intestate jumped from the roof of a five-story

building and thus rendered himself incapable of procuring a reinstatement of the policy, even if he was not actually dead at the time such reinstatement of the policy took place. But my notion is that the contract for reinstatement of such policy did not become effective until it was approved by the defendant and the insured was notified of such approval. No such notice was ever given to the insured. I therefore conclude that the judgment and order appealed from should be reversed, and judgment directed in favor of the defendant, dismissing the complaint upon the merits, with costs, including costs of this appeal.

Judgment and order reversed, and judgment directed for the defendant, dismissing the complaint upon the merits, with costs, including costs of this appeal.    All concur.